UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COUR[
DISTRICT OF VERMON[
FILED

2009 NOV 24  PM 12: 31

BY_____ CLERK

DEPUTY CLERK

| | |
|---|---|
| VERMONT HUMAN RIGHTS COMMISSION ) <br><br> Ms. Gillette, ) <br><br> v. ) <br><br> FREEDOM AIRLINES, INC. AND <br> MESA AIR GROUP ) <br><br> Defendants. ) | CIVIL ACTION NO. 2:09-CV-258 |

## NOTICE OF REMOVAL

**TO:   Chief Judge and Judges of the United States District Court for the District of Vermont**

Defendants Freedom Airlines, Inc. ("Freedom") and Mesa Air Group, Inc. ("Mesa"), by

and through their attorneys, hereby remove this action from the Superior Court, Washington

County, State of Vermont, to the United States District Court for the District of Vermont,

pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 of the United States Code. In support of their

Notice for Removal, the defendants state as follows:

## INTRODUCTION

1.      Plaintiff, Vermont Human Rights Commission ("HRC"), an agency in the State of

Vermont, is seeking relief in the public interest and to recover damages for the defendants'

alleged acts of unlawful discrimination against Emily Gillette in violation of Vermont's Fair

Housing and Public Accommodations Act, 9 V.S.A. §§ 4500 *et seq.*

2.      The underlying action is one in which this Court has original jurisdiction under 28

U.S.C. § 1332 and which may be removed to this Court by the defendants pursuant to 28 U.S.C.

§ 1441(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

## TIMELINESS OF REMOVAL

3.      This cause of action was filed in the Washington County Superior Court in the State of Vermont on October 8, 2009.  Defendant Freedom was served with a Summons and Complaint on November 2, 2009.  Defendant Mesa also received a copy of the Complaint on November 2, 2009.[1]  A copy of the papers served is attached hereto as Exhibit A.  Neither defendant received notice of the Complaint before November 2, 2009.  Removal is thus timely because the defendants filed it within thirty (30) days of receipt of the Summons and Complaint in this matter.  28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## DIVERSITY OF CITIZENSHIP

4.      Plaintiff HRC is an agency of the State of Vermont authorized by Vermont's Fair Housing and Public Accommodations Act, 9 V.S.A. § 4506(c), to enforce the provisions of that Act.  (Compl. at ¶ 4).

5.      Defendant Freedom is a Nevada corporation with a principal place of business in Irving, Texas.  Freedom is a wholly-owned subsidiary of Mesa.

6.      Defendant Mesa is a Nevada corporation with a principal place of business in Phoenix, Arizona.

7.      Accordingly, complete diversity of citizenship exists under 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

8.      The amount in controversy exceeds $75,000, exclusive of interests and costs.

---

[1] Defendant Freedom Airlines, Inc. was served by mail through its registered agent for purposes of service of process, CT Corp.  However, CT Corp. is not the registered agent for defendant Mesa Air Group, Inc.

9.      In its Complaint, HRC alleges that the defendants discriminated against Ms.

Gillette while she was nursing her toddler on an airplane. (Compl. at ¶¶ 18-19, 35-43). As a

result of the defendants' actions, HRC alleges that Ms. Gillette suffered damages, including

severe embarrassment, shame, humiliation, emotional distress and loss of dignity, which are

continuing in nature and may be permanent. (Compl. at ¶¶ 42-43). Pursuant to 9 V.S.A. §

4553(a)(6), HRC seeks imposition of a civil penalty against the defendants and costs and

reasonable attorneys' fees associated with its investigation and enforcement of this matter, as

well as compensatory and punitive damages on behalf of Ms. Gillette. (Compl. at pp. 6-7). The

amount in controversy requirement is satisfied when the allegations in the complaint indicate that

there is a reasonable probability that plaintiff's claims exceed $75,000, exclusive of interests and

costs. *See Ferrara v. Philadelphia Laboratories, Inc.*, 272 F. Supp. 1000 (D. Vt. 1967) (to

justify dismissal, it must appear to a legal certainty that the claim is really for less than the

jurisdictional amount); *Bell v. Preferred Life Assur. Society*, 320 U.S. 238 (1943) (punitive

damages are included in determining whether the requisite amount in controversy for diversity

jurisdiction is satisfied); *Statham v. United Sales & Leasing Co., Inc.*, 2007 WL 593571 (D. Vt.

Feb. 21, 2007) (punitive damages may be considered in determining the amount in controversy),

quoting *Bernshteyn v. Feldman*, 2006 WL 2516514, at * 5 (S.D.N.Y. Aug. 29, 2006); *Zahn v.

International Paper Co.*, 469 F.2d 1033 (2d Cir. 1972) (punitive damages are to be considered

together with actual damages in determining the amount in controversy); *Given v. W.T. Grant

Co.*, 457 F.2d 612 (2d Cir. 1972) (holding attorneys' fees may be considered in determining

amount-in-controversy for diversity jurisdiction only when the fees are provided for by contract,

and when a statute mandates or allows payment of the fees).

## PLACE OF REMOVAL

10.     This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because

3

the United States District Court for the District of Vermont embraces the place, Montpelier, Washington County, Vermont, where the state action is now pending and where the violation is alleged to have occurred.

## CONSENT AND JOINDER

11.     Both defendants are represented herein and are moving to remove the matter and, therefore, no consents are required.

## NOTICE OF REMOVAL

12.     Pursuant to 28 U.S.C. § 1446(d), the defendants will promptly serve on plaintiff and file with the Washington County Superior Court a "Notice to Adverse Party of Removal to Federal Court." Pursuant to Federal Rule of Civil Procedure 5(d), defendants will also file with this Court a "Certificate of Service of Notice to Adverse Party of Removal to Federal Court."

WHEREFORE, the defendants pray for removal of the above-captioned matter from the Superior Court, Washington County, State of Vermont, to the United States District Court for the District of Vermont.

DATED this 24th day of November, 2009.

Respectfully submitted,

FREEDOM AIRLINES, INC. AND MESA AIR GROUP, INC.

Walter E. Judge, Jr.
Matthew S. Borick
DOWNS RACHLIN MARTIN PLLC
199 Main Street, Courthouse Plaza
P.O. Box 190
Burlington, VT 05402-0190
Tel: (802) 863-2375
*Designated Local Counsel*
wjudge@drm.com
mborick@drm.com

4

*Attorneys for Defendants Freedom Airlines, Inc.*
*and Mesa Air Group, Inc.:*

Richard P. Campbell
Kathleen M. Guilfoyle
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.
One Constitution Plaza, 3rd Floor
Boston, MA  02129
Tel:  (617) 241-3000
Fax:  (617) 241-5115
rpcampbell@campbell-trial-lawyers.com
kguilfoyle@campbell-trial-lawyers.com

## CERTIFICATE OF SERVICE

I, Walter E. Judge, Jr., hereby certify that on November 24, 2009, I forwarded a copy of the foregoing Notice of Removal by first class mail, postage prepaid, to all counsel of record.

Walter E. Judge, Jr.